IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANN MARIE HARRISON,
as Personal Representative of the
Estate of Richard John Harrison,
deceased,

     Plaintiff,

vs.                              CASE NO. 5:11-cv-60/RS-GRJ

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and
WYLE LABORATORIES, INC.,

     Defendants.
_____/

## ORDER

Before me are Defendants' Motions to Dismiss (Docs. 19 & 20) and Plaintiff's

Memorandum in Opposition (Doc. 24).

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which

accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct.

1955, 1974 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief

could be granted under any set of facts that could be proven consistent with the

allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct.

2229, 2232 (1984).  In making this determination, the court must accept all factual

allegations in the complaint as true and in the light most favorable to Plaintiff.

*Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## Discussion

Defendants argue that Plaintiff's Amended Complaint (Doc. 13) fails for two

reasons.  First, Defendants contend that Count II-Breach of Fiduciary Duties is barred as

a matter of law (Doc. 19, p. 5).  Plaintiff has accepted this contention in her response

(Doc. 24, p.2, n. 2).  Second, Defendants contend that the Plaintiffs claims are barred by

the contractual limitations clause and/or the statute of limitations.

Regardless of the choice of law provision in this policy, the "limitations period in

an insurance contract is generally enforced under federal law unless it is unreasonable or

fundamentally unfair."  *Wang Lab. v. Kagan*, 990 F.2d 1126, 1128 (9th Cir. 1993).

*Accord Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emple. Benefit Plan*, 160 F.3d

1301, 1303 (11th Cir. 1998) ("Contractual limitations periods on ERISA actions are

enforceable, regardless of state law, provided they are reasonable.").

The provision in question (Doc. 13, Attach. 1, Exhibit C, § 7) provides the

following:

> A claimant or the claimant's authorized representative cannot start any legal action
> 1.  until 60 days after Proof of claim has been given; or
> 2.  more than one year after the time Proof of claim is required.
> Legal actions are contingent upon first having followed the Claims and Appeals
> procedure outlined in this policy.

The policy defines "Proof" as "the evidence in support of a claim for

benefits" which includes a claim form completed by a covered employee's beneficiary,

and a certified copy of a death certificate.  *Id*. at § 2.   Under the section entitled "Notice and Proof of Claim," *id.* at § 7, the policy provides the following:

1. Notice
   a. Notice of claim must be given to Liberty within 30 days of the date of the loss on which the claim is based…
   b. When written notice of claim is applicable and has been received by Liberty, the covered person will be sent claim forms.  If the forms are not received within 15 days after written notice of claim is sent, the covered person can send to Liberty written Proof of claim without waiting for the forms.

2. Proof
   a. Satisfactory Proof of loss must be given to Liberty no later than 30 days after the date of loss
   b. Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time.  Such Proof must be furnished as soon as reasonably possible, and in no event . . . later than one year from the time Proof is otherwise required.

Plaintiff makes two arguments why the contractual limitations period does not bar her claim.  First, Plaintiff argues that the plain meaning of this agreed upon limitations period allows legal action to be commenced if brought <u>either</u> after 60 days from proof of claim having been given <u>or</u> less than one year after proof of claim is required (Doc. 24, p. 5-6).  That is, the "or" connecting the two requirements should be read to mean that a suit may be brought if either of the provisions are met.  Reading the clause in this fashion would make it meaningless by allowing commencement of a legal action at any time: no claim could be filed too early or too late.

The only reasonable interpretation, the one that is plain from the face of the policy, is that the limitations clause defines a period of time from the earliest to the latest of

when a legal action may commence.  In other words, a claimant must wait at least 60 days after proof of claim has been given, but cannot wait more than one year after the time proof of claim is required.

Plaintiff next asserts that the limitations clause is meaningless because the term "proof of claim" is not defined in the policy (Doc. 24, p. 6).  The argument goes that there can be no way to figure the limitations period because "proof of claim" is not defined.  Plaintiff is mistaken.  The real term at issue is "Proof" and not "proof of claim." The term "Proof" is defined and whether it is used in the context as "Proof of claim" or "Proof of loss" makes no difference.   It is important to note that "Proof" is with a capitalized "P" and the words "claim" and "loss" are not.  This supports the notion that "Proof" is the operative word and the other modifying words are not.

The limitations period provides that a claim cannot be made "more than one year after the time Proof of claim is required." The policy provides that "Satisfactory Proof of loss must be given to Liberty no later than 30 days after the date of loss."  From this simple tautology, a claim cannot be made more than one year plus 30 days from the date of loss.

In certain circumstances, the policy grants additional time beyond the 30 days for Proof-filing if it is not "reasonably possibly" to meet that deadline.  However, the policy provides that in "no event" may the Proof be submitted "later than one year from the time Proof is otherwise required."  Under this more generous scenario, a claim would be allowed for an additional year beyond the normal requirement.

Here, the decedent died on December 31, 2005 (Doc. 13, p.1).  Plaintiff provided the evidence in support of a claim for benefits - - what the policy calls "Proof" - - on August 8, 2006.  *Id.* at 3.  Defendant Liberty Life Assurance Company of Boston issued a "partial settlement of the Group Life Insurance claim in the amount of $365,592.33" on February 9, 2007.  *Id*.  Plaintiff initiated this legal action in state court in January 2011 (Doc. 1, Attach. 1).

Even under the most generous standards, the filing of the lawsuit was five years from the decedent's death, more than four years from the filing of Proof, and more than three years from the partial settlement.   No matter what the measuring date, and given the expanded Proof deadline, the contractual limitations period has expired.


**IT IS ORDERED:**

1.  Defendants' Motions to Dismiss (Doc. 19 & 20) are **GRANTED**.

2.  Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED with prejudice**.

3.  The Clerk is directed to close the file.


 **ORDERED** on May 27, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
